**SILVERMANACAMPORA LLP**
Attorneys for Kenneth P. Silverman, Esq.,
Chapter 7 Trustee
100 Jericho Quadrangle, Suite 300
Jericho, New York 11753
(516) 479-6300
Ronald J. Friedman
David J. Mahoney

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
In re:

    NORTH HILLS, L.P.,

              Debtor.
---------------------------------------------------------------X
KENNETH P. SILVERMAN, ESQ., as
Chapter 7 Trustee of North Hills, L.P.,

              Plaintiff,

    -against-

DAVIS, GRABER, PLOTZKER & WARD, LLP
f/k/a DAVIS GRABER & NASBERG,

              Defendant.
---------------------------------------------------------------X

Chapter 7
Case No.: 09-13035 (AJG)

Adv. Pro. No.: 11-_____ (AJG)

## **COMPLAINT**

Kenneth P. Silverman, Esq., the trustee (the "Trustee") of the chapter 7 bankruptcy estate of North Hills, L.P. (the "Debtor"), by his attorneys, Davis, Graber, Plotzker & Ward, LLP f/k/a Davis Graber & Nasberg (the "Defendant"), alleges as follows:

### **Nature of the Action**

1. This adversary proceeding is commenced pursuant to 11 U.S.C. §§105, 502, 544, 550 and 551, New York Debtor and Creditor Law §§273, 274, 275, 276 and 276-A, and New York common law to set aside and recover transfers made by the Debtor to Defendant.

2. This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§157 and 1334.

RJS/942070.1/057279

3. The statutory predicates for the relief sought herein are 11 U.S.C. §§105(a), 502, 544, 550 and 551, New York Debtor and Creditor Law §§273, 274, 275, 276 and 276-A, and New York common law.

4. This is a core proceeding pursuant to 28 U.S.C. §§157(b)(1), 157(b)(2)(A), 157(b)(2)(B), 157(b)(2)(E), 157(b)(2)(H), and 157(b)(2)(O).

5. Venue is proper in this Court pursuant to 28 U.S.C. §1409.

**Parties and Procedural History**

6. Upon information and belief, at all relevant times, the Debtor was a limited partnership, operating as a commodity interest pool, with a principal place of business located at 10 Gracie Square, New York, New York 10028.

7. On May 13, 2009 (the "Filing Date"), four petitioning creditors filed an involuntary chapter 7 petition against the Debtor pursuant to 11 U.S.C. §303(b), in the United States Bankruptcy Court for the Southern District of New York.

8. On June 3, 2009, the Debtor's general partner, North Hills Management, LLC ("NHM"), through its managing member, Mark Evan Bloom ("Bloom"), consented to the entry of an Order for Relief.

9. On June 25, 2009, the Court entered an Order for Relief in the Debtor's case.

10. On June 30, 2009, the United States Trustee's office issued a Notice of Appointment by which Kenneth P. Silverman, Esq., was appointed the chapter 7 trustee of the Debtor's estate.

11. Upon information and belief, Defendant is a limited liability company located in 150 East 58th Street, 20th Floor, New York, New York 10155.

**Background Facts Common To All Claims For Relief**

12. Upon information and belief, in or around 1995 Bloom formed the Debtor to purportedly operate as the North Hills Fund, an enhanced stock index fund and trading, among other instruments, commodities futures contracts and options.

RJS/942070.1/057279

13. Upon information and belief, contemporaneous to the formation of the Debtor, Bloom organized NHM, a limited liability company that operated as the Debtor's general partner.

14. Upon information and belief, at all relevant times, Bloom was the sole principal and owner of NHM.

15. Upon information and belief, the Debtor, through its general partner, NHM and NHM's principal, Bloom, induced investors to deposit money with the Debtor based upon promises and/or representations they made regarding investments with the Debtor, the allocation of deposits, and the Debtor's historical returns on similar, alleged investments.

16. For instance, upon information and belief, in or around 2001, NHM and Bloom converted the North Hills Fund into a "fund of funds" and represented to both current and prospective investors that the Debtor's assets would be allocated across multiple funds and fund managers to ensure diversification and moderate risk.

17. Upon information and belief, approximately 40-50 investors deposited an aggregate of $30 to 40 million with the Debtor.

18. Upon information and belief, the representations to investors regarding the investment and allocation of the Debtor's assets were in large measure false.

19. Upon information and belief, rather than utilizing all of the third-party funds as reported to investors, the majority of the investor funds were, among other things, (i) utilized to pay prior investors their promised rate of interest or to provide a return of their investment, (ii) squandered in unauthorized and undisclosed investments, including a high risk commodity futures and options fund called the Philadelphia Alternative Asset Fund, L.P. ("PAAF"), which was operated by the Philadelphia Alternative Asset Management Company ("PAAM"), and/or (iii) transferred to NHM and Bloom for the purpose of funding the lavish lifestyles of Bloom and his wife, Lauren.

20. On or about July 30, 2009, Bloom pled guilty to no less than four felonies arising from and related to his malfeasance in operating the Debtor, as a Ponzi scheme through its

3

RJS/942070.1/057279

general partner, NHM.

21. Upon information and belief, Bloom is currently awaiting sentencing.

22. Upon information and belief, between May 13, 2003 and the Filing Date, Defendant received transfers from the Debtor in amount to be determined at trial but in no event less than Seventy Thousand ($70,000.00) Dollars (the "Transfers").

23. The Debtor's books and records do not show that the Debtor received fair consideration or reasonably equivalent value in exchange for the Transfers.

24. As a result of Bloom's malfeasance and the Debtor's operation as a Ponzi scheme, the Debtor was either insolvent at the times the Transfers were made, or was rendered insolvent as a result of the Transfers.

25. At the times the Transfers were made, there existed unsecured creditors of the Debtor who remained unsecured creditors as of the Filing Date.

**First Claim For Relief Against Defendant**
**(incorporating all previous allegations)**

26. The Transfers constitute fraudulent conveyances in violation of New York Debtor and Creditor Law §273.

27. By reason of the foregoing, under Bankruptcy Code §544(b), the Trustee is entitled to a judgment (a) avoiding the Transfers pursuant to New York Debtor and Creditor Law §273, and (b) pursuant to 11 U.S.C. §§550(a) and 551, may recover from Defendant an amount as yet undetermined but in no event less than Seventy Thousand ($70,000.00) Dollars, plus appropriate interest thereon.

**Second Claim For Relief Against Defendant**
**(incorporating all previous allegations)**

28. Upon information and belief, at the time of the Transfers, the Debtor was engaged or about to engage in a business or transaction for which the property remaining in its possession after the conveyance was unreasonably small capital.

RJS/942070.1/057279

29. The Transfers constitute fraudulent conveyances in violation of New York Debtor and Creditor Law §274.

30. By reason of the foregoing, under Bankruptcy Code §544(b), the Trustee is entitled to a judgment (a) avoiding the Transfers pursuant to New York Debtor and Creditor Law §274, and (b) pursuant to 11 U.S.C. §§550(a) and 551, may recover from Defendant an amount as yet undetermined but in no event less than Seventy Thousand ($70,000.00) Dollars, plus appropriate interest thereon.

**Third Claim For Relief Against Defendant**
**(incorporating all previous allegations)**

31. Upon information and belief, at the time of the Transfers, the Debtor had incurred, was intending to incur, or believed that it would incur debts beyond its ability to pay them as they matured.

32. The Transfers constitute fraudulent conveyances in violation of New York Debtor and Creditor Law §275.

33. By reason of the foregoing, under Bankruptcy Code §544(b), the Trustee is entitled to a judgment (a) avoiding the Transfers pursuant to New York Debtor and Creditor Law §275, and (b) pursuant to 11 U.S.C. §§550(a) and 551, may recover from Defendant an amount as yet undetermined but in no event less than Seventy Thousand ($70,000.00) Dollars, plus appropriate interest thereon.

**Fourth Claim For Relief Against Defendant**
**(incorporating all previous allegations)**

34. The Transfers were made by the Debtor with the actual intent to hinder, delay, or defraud its creditors.

35. The Transfers constitute fraudulent conveyances in violation of New York Debtor and Creditor Law §276.

RJS/942070.1/057279

36. Based upon the foregoing, the Trustee is entitled to judgment (a) avoiding the Transfers pursuant to New York State Debtor & Creditor Law §276, and (b) pursuant to 11 U.S.C. §§550(a) and 551, may recover from Defendant an amount as yet Seventy Thousand ($70,000.00) Dollars, plus interest thereon, and may recover attorneys' fees pursuant to New York Debtor and Creditor Law §276-A.

### Firth Claim For Relief Against Defendant
**(incorporating all previous allegations)**

37. The Transfers to Defendant were impermissible transfers of the Debtor's interest in property. As a result, Defendant was the ultimate beneficiary of the Transfers under circumstances in which Defendant would be unjustly enriched if Defendant were to retain such Transfers since the Debtor did not receive reasonably equivalent value therefor.

38. As a result, Defendant has been unjustly enriched and may not in equity and good conscience retain the Transfers.

39. By reason of the foregoing, Defendant is liable to the Trustee under New York common law for unjust enrichment in an amount as yet undetermined but in no event less than Seventy Thousand ($70,000.00) Dollars, plus appropriate interest thereon.

### Sixth Claim For Relief Against Defendant
**(incorporating all previous allegations)**

40. Upon information and belief, Defendant has filed or may file a proof of claim against the Debtor.

41. Defendant is the recipient of the Transfers which constitute avoidable transfers under 11 U.S.C. §544.

42. Defendant has not paid the amount, or turned over such property, for which Defendant is liable under 11 U.S.C. §550.

43. Based upon the foregoing, and in accordance with 11 U.S.C. §502(d), any claims filed by Defendant against the Debtor should be disallowed unless and until Defendant returns the Transfers to the Trustee.

RJS/942070.1/057279

**WHEREFORE**, plaintiff Kenneth P. Silverman, Esq., the chapter 7 Trustee demands judgment:

(a) against Defendant on the Trustee's first claim for relief (a) avoiding the Transfers pursuant to New York Debtor and Creditor Law §273, and (b) pursuant to 11 U.S.C. §§550(a) and 551, recovering an amount to be determined at trial, but in no event less than Seventy Thousand ($70,000.00) Dollars from Defendant plus appropriate interest thereon;

(b) against Defendant on the Trustee's second claim for relief (a) avoiding the Transfers pursuant to New York Debtor and Creditor Law §274, and (b) pursuant to 11 U.S.C. §§550(a) and 551, recovering an amount to be determined at trial, but in no event less than Seventy Thousand ($70,000.00) Dollars from Defendant plus appropriate interest thereon;

(c) against Defendant on the Trustee's third claim for relief (a) avoiding the Transfers pursuant to New York Debtor and Creditor Law §275, and (b) pursuant to 11 U.S.C. §§550(a) and 551, recovering an amount to be determined at trial, but in no event less than Seventy Thousand ($70,000.00) Dollars from Defendant plus appropriate interest thereon; and

(d) against Defendant on the Trustee's fourth claim for relief (a) avoiding the Transfers pursuant to New York Debtor and Creditor Law §276, and (b) pursuant to 11 U.S.C. §§550(a) and 551, recovering an amount to be determined at trial, but in no event less than Seventy Thousand ($70,000.00) Dollars from Defendant plus appropriate interest thereon and may recover attorneys' fees pursuant to New York Debtor and Creditor Law §276-A;

(e) against Defendant on Trustee's fifth claim for relief for unjust enrichment under New York common law in an amount to be determined at trial, but in no event less than Seventy Thousand ($70,000.00) Dollars from Defendant plus appropriate interest thereon; and

(f) against Defendant on the Trustee's sixth claim for relief pursuant to 11 U.S.C. §502(d) disallowing any claim of Defendant against the Debtor unless and until Defendant returns the Transfers to the Trustee; and

(g) For such other, further and different relief as the Court deems proper.

Dated: Jericho, New York
     June 23, 2011

**SILVERMANACAMPORA LLP**
Attorneys for Plaintiff Kenneth P. Silverman, Esq.
the Chapter 7 Trustee

By: *s/ David J. Mahoney*
Ronald J. Friedman, Esq.
David J. Mahoney, Esq.
Members of the Firm
100 Jericho Quadrangle, Suite 300
Jericho, New York 11753
(516) 479-6300
DMahoney@SilvermanAcampora.com